IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CR-36-BO-1
NO. 7:14-CV-271-BO

| | |
|---|---|
| OLDEN TERRY, III,<br>       Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>       Respondent. | ORDER |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 56] and the government's motion to dismiss [DE 62]. Petitioner has replied, and the matter is ripe for ruling. For the following reasons, the government's motion to dismiss is GRANTED and petitioner's § 2255 is DISMISSED.

## BACKGROUND

Petitioner, Olden Terry, III, pled guilty pursuant to a written plea agreement to one count of attempt to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841 (a)(1), and one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), on September 17, 2012. [DE 27, 28]. On February 7, 2013, Mr. Terry was sentenced to 235 months on the narcotics charge followed by a consecutive 60 months on the § 924(c). [DE 35, 36]. This resulted in a total term of 295 months' imprisonment. Mr. Terry's guideline range was driven by the career offender enhancement under U.S.S.G. § 4B1.1. Mr. Terry filed a direct appeal, which the Fourth Circuit Court of Appeals dismissed on January 15, 2014, pursuant to the appeal waiver in Mr. Terry's plea agreement. [DE 54]. Mr. Terry did not

petition the Supreme Court for a writ of certiorari, and the Fourth Circuit's mandate issued on February 6, 2014. [DE 55].

On November 17, 2014, petitioner filed the instant motion under 28 U.S.C. § 2255, in which he claims that his trial counsel was ineffective for 1) failing to challenge career offender and § 851 enhancements during plea negotiations and at sentencing; 2) failing to object to or contest his guilt of § 924(c) charge; 3) failing to object to the drug weight at sentencing; and 4) failing to argue that petitioner was innocent of the § 924(c) based on *Bailey v. United States*, 516 U.S. 137 (1995). Petitioner also attached letter from a family member to the North Carolina Attorney General which raises other claims of ineffective assistance of counsel, including that counsel failed to communicate adequately with petitioner and his family, failed to argue on behalf of petitioner at sentencing, and failed to follow up with petitioner and his family regarding a potential motion under Rule 35 of the Federal Rules of Criminal Procedure.

## DISCUSSION

The government contends that the Court should dismiss petitioner's § 2255 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under which relief can be granted. "To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's[ '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). The standard for ineffective

2

assistance of counsel claims was laid out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must first show "'that counsel's performance fell below an objective standard of reasonableness.'" *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." *Id.* (internal quotation omitted). Second, petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To show prejudice when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

1. Claim One – Sentencing Enhancements

Petitioner alleges that his counsel was ineffective for failing to challenge the career offender and § 851 sentencing enhancements. Any claim based on enhancement of his sentence pursuant to 18 U.S.C. § 851 fails because the record reveals that Mr. Terry's sentence was not enhanced pursuant to § 851. His sentence was, however, enhanced on the basis of the career offender enhancement pursuant to U.S.S.G. § 4B1.1. Petitioner argues that he lacks the predicate convictions necessary for enhancement under § 4B1.1. Petitioner is incorrect.

The presentence report (PSR) lists paragraphs 15 and 18 as the necessary predicates. [DE 33, ¶ 45]. Petitioner is correct in pointing out that the convictions that the PSR lists as predicates do not qualify for § 4B1.1's enhancement. Petitioner does, however, have two convictions that qualify as predicates under § 4B1.1: a 1999 conviction for Common Law Robbery and a 2004 conviction for Conspiracy to Sell Cocaine. [DE 33, ¶ 16, 19]. For each of these convictions,

3

petitioner received a 13–16 month sentence.[1] For purposes of § 4B1.1, the former qualifies as a crime of violence, *United States v. Carmichael*, 408 F. App'x 769, 771 (4th Cir. 2011), and the latter qualifies as a controlled substance offense. It appears that the author of the PSR made a scrivener's error in paragraph 45 when listing the predicate convictions. This does not alter the fact that petitioner had the requisite convictions necessary for the enhancement. Because Mr. Terry's criminal record qualified him for the career offender enhancement, counsel's failure to object to the enhancement at sentencing does not fall below an objective standard of reasonableness. Petitioner also cannot demonstrate the requisite prejudice. Even if counsel had objected, the objection would have been overruled given that petitioner clearly qualifies for treatment as a career offender under § 4B1.1. Accordingly, petitioner's first claim fails as a matter of law.

2. Claim Three – Drug Weight

In his initial motion, petitioner alleges that counsel was ineffective for failing to object to the drug weight under the Fair Sentencing Act of 2010 and Guideline Amendments 750, 759, and 782, which affected the guideline range for defendants convicted of offenses involving crack. In his reply, however, Mr. Terry withdraws this claim, noting that he decided to file this claim as a separate motion pursuant to 18 U.S.C. § 3582(c)(2). [DE 71 at 3].

3. Claims Two and Four – Firearm Conviction

Mr. Terry claims that he is innocent of the § 924(c) conviction, thus his counsel was ineffective for advising him to enter a guilty plea to the charge. Mr. Terry argues first that the weapon possessed was a starter pistol rather than a firearm, and second, that he did not actively

---

[1] Although petitioner received a suspended 13 to 16 month sentence for the conspiracy to sell cocaine charge, upon revocation of his probation on October 18, 2005, the entire sentence became active.

employ the firearm as required by the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). Both arguments fail as a matter of law.

A starter pistol qualifies as a firearm for purposes of § 924(c). 18 U.S.C. § 921(a)(3); *United States v. May*, 43 F. App'x 681, 683 (4th Cir. 2002). The offense conduct section of the PSR, to which there was no objection, demonstrates that Mr. Terry possessed a starter pistol in proximity to crack, cocaine, marijuana, hydrocodone pills, and drug paraphernalia. [DE 33, ¶ 9]. Consequently, petitioner's argument that he is actually innocent because the weapon was not a firearm fails, and Mr. Terry cannot demonstrate that counsel's advice not to go to trial falls below an objective standard of reasonableness.

Mr. Terry also relies on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995) to argue that he is actually innocent of the § 924(c) and that his lawyer was ineffective for failing to go to trial. The Supreme Court's decision in *Bailey* dealt with an earlier version of the statute that "prohibited only using or carrying a firearm 'during and in relation to' a crime of violence or drug trafficking." *United States v. Lomax*, 293 F.3d 701, 704 (4th Cir. 2002). Rejecting a broad interpretation of use, the *Bailey* Court held that conviction required "evidence sufficient to show active employment of the firearm by the defendant," and noted that if "Congress intended possession alone to trigger liability under § 924(c)(1), it could easily have so provided." *Bailey*, 516 U.S. at 143. Following *Bailey*, Congress amended § 924(c) to criminalize mere possession "in furtherance of" a crime of violence or drug trafficking crime. *Lomax*, 293 F.3d at 704.

Mr. Terry pled guilty under both the "use and carry" and "possess in furtherance" prongs of § 924(c). [DE 28 at 5]. Even assuming that counsel's decision not to challenge the conviction under *Bailey* was unreasonable, a challenge to the "possess in furtherance" portion of the §

5

924(c) charge would have failed. Mr. Terry, therefore, cannot demonstrate the requisite prejudice under *Strickland*. As neither of his innocence arguments is meritorious, petitioner cannot state a claim under *Strickland*.

All of Mr. Terry's arguments as to his counsel's ineffectiveness fail as a matter of law. Accordingly, there is no need for the Court to hold a hearing and the government's motion to dismiss must be granted.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 62] is GRANTED and petitioner's motion to vacate [DE 56] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED this ___7___ day of May, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 7:12-cr-00036-BO   Document 72   Filed 05/11/15   Page 6 of 6