IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CR-36-BO-1
NO. 7:14-CV-271-BO

| | | |
|---|---|---|
| OLDEN TERRY, III,  Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| UNITED STATES OF AMERICA,  Respondent. | ) ) ) | |

This matter is before the Court on what it construes as petitioner's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [DE 74]. Petitioner asks the Court to alter or amend its May 11, 2015, Order dismissing his motion to vacate for failure to state a claim.

The Federal Rules of Civil Procedure permit a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A Court may alter or amend the judgment "if the movant shows either (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp, LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 493 F.3d 191, 197 (4th Cir. 2006). However, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3 396, 403 (4th Cir. 1998) (citation omitted).

Petitioner's motion is not a model of clarity, but he appears to argue both that new evidence has been discovered and that an intervening change in the law requires the judgment

dismissing his § 2255 to be amended. Though petitioner states that new evidence has been discovered, he does not actually discuss any new evidence. Instead, he merely reiterates his arguments that neither of his prior convictions are predicate convictions for the career offender enhancement under U.S.S.G. § 4B1.1 and that the government lacked evidence that he was guilty of violating 18 U.S.C. § 924(c). These arguments fail, as discussed in the May 11, 2015, Order, and the Court will not re-address them here. [DE 72.]. Petitioner has not submitted or pointed to any new evidence that would justify amendment or alteration under Rule 59.

Petitioner also argues that the Supreme Court's recent decision in *Johnson v. United States*, ---U.S.---, 2015 WL 2473450 (2015) renders him innocent of the career offender enhancement. *Johnson* addressed convictions under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), not the career offender guideline enhancement. Accordingly, petitioner's reliance on *Johnson* is misplaced.

In sum, petitioner's arguments do not fall within the parameters of Rule 59(e) but instead are thinly-veiled attempts to re-litigate his § 2255 motion. Therefore, his motion to alter or amend judgment under Rule 59(e) is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to reconsider [DE 74] is DENIED.

SO ORDERED this __8__ day of July, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2