IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-36-BO-1
No. 7:14-CV-271-BO

| | |
|---|---|
| OLDEN TERRY, III, )<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motions pursuant to Rule 60(b) and 15(c) of the Federal Rules of Civil Procedure. The government has responded in opposition to the motions, and the matters are ripe for ruling.

## BACKGROUND

Petitioner, Terry, pled guilty on September 17, 2012, pursuant to a written plea agreement to one count of attempt to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841 (a)(1) and one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). [DE 28]. On February 7, 2013, Terry was sentenced to 235 months on the narcotics charge followed by a consecutive 60 months on the firearm charge. [DE 36]. This resulted in a total term of 295 months' imprisonment. Terry's direct appeal of his conviction and sentence was dismissed by the court of appeals on January 15, 2014. [DE 53].

On May 11, 2015, this Court dismissed a motion by Terry under 28 U.S.C. § 2255 and denied a certificate of appealability. [DE 72]. This Court subsequently denied two motions for reconsideration filed by Terry. [DE 75, 78]. On November 8, 2016, the court of appeals denied Terry's petition for authorization to file a second or successive § 2255 motion based on *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), finding that *Johnson* entitled Terry to no relief. [DE 85].

On May 17, 2017, Terry filed a motion pursuant to Fed. R. Civ. P. 60(b)(3) and (6), seeking reconsideration and vacatur of his sentence based on misrepresentation by counsel, fraud and misconduct by other party, and any other reason which justifies relief. Terry contends that he is actually innocent of possession of a firearm under 18 U.S.C. § 924(c) and that his counsel and the government engaged in misconduct, perjury, and fraud. In his motion to amend under Rule 15(c)(1), Terry seeks to add documentation as an exhibit to his statement of facts contained in his Rule 60(b) motion.

## DISCUSSION

At the outset, the Court grants Terry's motion to amend in order to add documentation to his Rule 60(b) motion. Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from final judgment under six enumerated circumstances, which include mistake or excusable neglect, newly discovered evidence, fraud or misrepresentation, judgment having become void, satisfaction of the judgment, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

> Rule 60(b) applies to § 2255 proceedings, but only to the extent that it is not inconsistent with applicable statutory provisions and rules. Therefore, a Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings, however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement.

*United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal alterations, quotations, and citations omitted). Although styled as a Rule 60(b) motion, as it seeks reconsideration of the ruling

2

on his prior § 2255 motion and vacatur of his sentence and resentencing, Terry's motion is in fact a successive motion under 28 U.S.C. § 2255. Terry has not identified any defect in the integrity of his prior habeas proceeding, but rather makes arguments regarding his conviction and sentence which would have been known to him at the time he filed his first § 2255 motion. Accordingly, the Court will construe Terry's Rule 60(b) motion as one under 28 U.S.C. § 2255. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (in determining whether a motion should be construed as one under § 2255. "[t]here may be no infallible test . . . but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive § 2255 petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Absent pre-filing authorization from the court of appeals, this Court lacks jurisdiction to consider a second or successive petition. *See Winestock*, 340 F.3d at 205.

Generally, a court must notify a petitioner before recharacterizing a motion as being subject to § 2255's requirements. *Castro v. United States*, 540 U.S. 375 (2003). However, this "notice before recharacterization" requirement does not apply to circumstances in which a petitioner has already had a previous § 2255 motion dismissed on the merits. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished). As Terry has filed a prior § 2255 motion which was dismissed on the merits, the Court need not notify him in advance of its recharacterization. The motion filed under Rule 60(b) is denied without prejudice to allow Terry to seek pre-filing authorization from the court of appeals.

Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

CONCLUSION

For the foregoing reasons, petitioner's motion to amend [DE 100] is GRANTED and his motion under Rule 60(b) [DE 91] is DENIED WITHOUT PREJUDICE. A certificate of appealability is DENIED.

SO ORDERED, this ___ day of November, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4