IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-36-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| OLDEN TERRY, III | ) | |

This cause comes before the Court on defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). [DE 105]. The government has responded in opposition, and the matter is ripe for ruling. For the reasons that follow's defendant's motion is denied.

## BACKGROUND

Defendant, Terry, pleaded guilty, pursuant to a written plea agreement, to one count of attempt to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841 (a)(1) and one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). [DE 28]. On February 7, 2013, Terry was sentenced to 235 months' imprisonment on the narcotics charge followed by a consecutive 60 months' imprisonment on the firearm charge. [DE 36]. This resulted in a total term of 295 months' imprisonment. Terry's direct appeal of his conviction and sentence was dismissed by the court of appeals on January 15, 2014. [DE 53].

On May 11, 2015, this Court dismissed a motion by Terry under 28 U.S.C. § 2255 and denied a certificate of appealability. [DE 72]. This Court subsequently denied two motions for reconsideration filed by Terry. [DE 75, 78]. On November 8, 2016, the court of appeals denied Terry's petition for authorization to file a second or successive § 2255. [DE 85]. Terry filed the instant motion on May 9, 2018. [DE 105]. In his motion, Terry seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines.

## DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c). One of those circumstances is where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . .." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a). "In such cases, Congress has authorized courts to reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (internal quotation and citation omitted). To determine whether a prisoner is eligible for a modification of his sentence under § 3582(c)(2), a court "begin[s] by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)).

At sentencing, Terry was determined to be a U.S. Sentencing Guidelines career offender. *See* U.S.S.G. § 4B1.1. Although his offense level was calculated based on U.S.S.G. § 2D1.1, as it resulted in a higher offense level than the career offender offense level, *see* [DE 33 ¶ 45], Terry's advisory Guidelines range was calculated based on his career offender classification under U.S.S.G. § 4B1.1(c). *Id.* ¶ 51. Because Terry's advisory Guidelines range was calculated based on his career offender designation, he is not eligible for a reduction under Amendment 782 to the Guidelines. *See* U.S.S.G. § 1B.10; *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013); *United States v. Riley*, 726 F.3d 756, 759 (6th Cir. 2013); *United States v. Ervin*, 533 F. App'x 189 (4th Cir. 2013) (unpublished); *Meadows v. United States*, No. 4:12-CR-78-D, 2015 WL 7451295, at *4 (E.D.N.C. Nov. 23, 2015).

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to reduce sentence [DE 105] is DENIED.


SO ORDERED, this __22__ day of August, 2018.

                                          TERRENCE W. BOYLE
                                          UNITED STATES DISTRICT JUDGE